```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND
                                  :
HERNAN ALCIDES PORTILLO
                                  :
     v.                           :   Civil Action No. DKC 14-0075
                                  :
WASHINGTON METROPOLITAN AREA
TRANSIT AUTHORITY                 :
```

**MEMORANDUM OPINION AND ORDER**

On May 27, 2014, Defendant filed a motion to compel discovery alleging that interrogatories, requests for production of documents, and request for admissions propounded upon Defendant on March 10, 2014 were unanswered. Additionally, Plaintiff did not appear for his noted deposition.

Defendant recites that on April 15, April, 28, May 9, and May 19, 2014, counsel for the Defendant sent correspondence to Plaintiff requesting that he respond to discovery requests and arrange a meeting to try to resolve the discovery dispute.

Defendant advises that, to date, Plaintiff has provided no discovery responses. Defendant seeks an order requiring Plaintiff to provide responses to Defendant's requests within ten (10) days. Defendant has not responded to the motion to compel.

A party is obligated to respond to written discovery requests in a timely fashion, and Plaintiff will be ordered to

provide full and complete responses by July 7, 2014. Potential sanctions for failure to provide this discovery may include an order to pay expenses incurred by Defendant or contempt.

Fed.R.Civ.P. 37(d) provides:

> If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails (1) to appear before the officer who is to take the deposition, after being served with a proper notice, or (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule.

The possible sanctions include:

> (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
>
> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
>
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or

> rendering a judgment by default against the disobedient party[.]

Furthermore, a party's failure to obey an order to provide or permit discovery may also result in dismissal of an action. *Hathcock v. Navistar Intern. Transp. Corp.*, 53 F.3d 36, 40 (4th Cir. 1995) ("the express terms of Rule 37 permit a trial court to impose sanctions when 'a party fails to obey an order to provide or permit discovery.'"). The drastic sanction of dismissal may not be imposed except in the most compelling circumstances. In determining the proper sanction, a district court applies a four-factor test:

> (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions. [*Wilson v. Volkswagen of America, Inc.*, 561 F.2d 494, 503–06 (4th Cir. 1977)]. Such an evaluation will insure that only the most flagrant case, where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules, will result in the extreme sanction of dismissal or judgment by default. *Id*. at 504. In such cases, not only does the noncomplying party jeopardize his or her adversary's case by such indifference, but to ignore such bold challenges to the district court's power would encourage other litigants to flirt with similar misconduct. *National Hockey League*, [*v. Metropolitan Hockey Club Inc*.], 427 U.S. [639,] at 643, 96 S.Ct. at 2781, 49 L.Ed.2d 747; *Wilson*, 561 F.2d at 504.

3

*Mutual Federal Sav. and Loan Ass'n v. Richards & Associates, Inc.*, 872 F.2d 88, 92 (4th Cir. 1989).

Accordingly, it is this 23rd day of June, 2014, by the United States District Court for the District of Maryland, ORDERED that:

1. Defendant's motion to compel (ECF No. 15) BE, and the same hereby IS, GRANTED;

2. Plaintiff is directed to provide full and complete responses to the requests propounded by Defendant by no later than July 7, 2014;

3. Plaintiff appear for deposition within twenty-one (21) days of the date of this order or be subject to sanctions, including dismissal; and

4. The clerk will transmit copies of this Memorandum Opinion and Order to counsel for the parties.

                                                    /s/
                                      DEBORAH K. CHASANOW
                                      United States District Judge